## Case No. 11,942.

### In re ROBINSON et al.

[2 N. B. R. 516 (Quarto, 162); 2 Am. Law T. Rep. Bankr. 87.] [1]

District Court, S. D. New York. March 11, 1869.

#### BANKRUPTCY—EXAMINATION OF BANKRUPT.

Where creditor made default on day appointed for continuing the examination of the bankrupt, but appeared on a subsequent day appointed, whereupon the bankrupt failed to appear, but both appeared on an appointed day thereafter, and the bankrupt objected to any further examination, *held*, that there was no sufficient reason for the court to interfere with such examination.

By the Register:

I, Edgar Ketchum, one of the registers of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following question arose pertinent to the said proceedings, and was stated and agreed to by the counsel for the opposing parties, to wit: Mr. Logan, who appeared for the bankrupt, and Mr. J. S. L. Cummins, who appeared for William A. Coit, a creditor of the said bankrupt. The petition was filed February 29, 1868, and the appearance of the creditor in opposition to discharge was entered the 7th of September, when the order to show cause against the same was returnable. Order was then taken for the examination of the bankrupts, and on eighteen different days Mr. [Enoch] Chamberlain was examined, and on five different days Mr. [Edward] Robinson was examined. For the examination of the latter, Friday and Saturday of each week were to be taken, beginning in the morning. On Friday, the 26th February, Mr. Robinson and his counsel attended, and also the creditor, but not his counsel, who, as he afterwards declared, had forgotten the engagement. After waiting two hours, Mr. Robinson and his counsel moved that the creditor's default be, and it then was, entered. On the 27th, the creditor and his counsel appeared, but not the bankrupt, and order was taken for the attendance of the bankrupt Robinson for examination on the 2d of March, instant, when the parties appeared with their counsel, and the said bankrupt objected upon affidavit then read to further examination by the said creditor. The 5th of March was then fixed to receive opposing affidavits on the part of the creditor, which were filed accordingly; and the register, holding that he had no power to hinder the further examination, the bankrupt claimed the right to appeal, by means of this certificate, to the court against the procedure of the said creditor. And the said affidavits, with copies of former affidavits, made

---

[1] [Reprinted from 2 N. B. R. 516 (Quarto, 162), by permission. 2 Am. Law T. Rep. Bankr. 87, contains only a partial report.]

and filed herein, are transmitted to the court herewith, at the request of the parties, who desire to be heard orally before the court.

---

## Case No. 11,943.

### In re ROBINSON et al.

[3 N. B. R. 70 (Quarto, 17).] [1]

District Court, S. D. New York. July 14, 1869.

#### BANKRUPTCY—OPPOSITION TO DISCHARGE — COSTS.

Where one Coit, a creditor, opposed the discharge of bankrupts in a specification of twenty subdivisions, charging false swearing by the bankrupts on material matters before the register, and concealment of assets, none of which allegations were sustained, *held*, that the discharge be granted, and a decree entered that bankrupts recover from the creditor the costs, to be taxed, of resisting the opposition of their discharge.

[In the matter of Edward Robinson and Enoch Chamberlain, bankrupts. For prior proceedings in this litigation, see Case No. 11,942.]

G. A. Seixas, for the bankrupt.
J. S. L. Cummins, for the creditor.

BLATCHFORD, District Judge. The first specification in this case is to the effect that both of the bankrupts, on their examinations before the register, in this case, willfully swore falsely in regard to material facts concerning their estate and debts. Under this specification there are twenty subdivisions, fourteen of which specify instances of alleged false swearing by the bankrupt Robinson, and six of which specify instances of alleged false swearing by the bankrupt Chamberlain. There is nothing material in any of these matters. They relate to transactions between the bankrupts and William A. Coit, the opposing creditor, in 1865, and principally to the manner in which certain indebtedness, then created on the part of the bankrupts to Coit, arose. That indebtedness was paid, and is no longer in existence.

On the facts, if they were material, I am satisfied, on the evidence, that the version given by the bankrupts is the true one. The examination of the bankrupts and other witnesses, was pursued by the creditor with an evident malice towards the bankrupts, and in a spirit of recklessness little befitting a judicial investigation, but quite consistent with the character of a money-lender who exacted from the bankrupts the sum of three hundred and fifty dollars for the loan of twenty-eight thousand dollars for four days, being at the rate of over one hundred and thirteen per

---

[1] [Reprinted by permission.]

cent. per annum. The manner, too, in which the creditor manipulated and procured some of the testimony put in on his part, savors very much of a criminal offense. The principal witness on whom the creditor relies to sustain his account of the transactions covered by the first specification, does not present himself in a favorable light, inasmuch as it appears that he received compensation as an individual, for lending the money of the bank of which he was president—as grave an offense as can be committed by any one in a position of trust. As to Coit, his entire testimony shows him to be wholly unworthy of credit. As to the second specification—that the bankrupts have concealed and refused to account for thirty-four thousand dollars of quartermaster's certificates or government vouchers, there is no testimony to sustain it, and the allegation is wholly disproved. The third specification—that the bankrupts have willfully sworn falsely in the affidavit to the schedule of assets attached to their petition, by not including therein the said thirty-four thousand dollars of quartermaster's certificates, or the proceeds thereof, is not sustained, inasmuch as it is shown that they had no such property at the time. The fourth specification—that the bankrupts have concealed their books and writings relating to their estate and effects, is unsupported. The fifth specification—that the bankrupt Chamberlain has concealed an interest in a house and lot in Twenty-Third street, in New York, is not sustained. The sixth specification alleges that the bankrupt, Chamberlain willfully swore falsely in his affidavit to the schedule of assets attached to his petition, in not including therein the said house and lot in Twenty-Third street. The conclusion as to the fifth specification disposes of this branch of the sixth. The sixth specification also avers that the bankrupt Chamberlain willfully swore falsely in said affidavit, in not setting forth therein a claim against one Morris. The evidence is that no such claim existed. The seventh specification, in relation to the concealment by the bankrupt Chamberlain of books and writings, is not sustained.

Discharges will be granted to both of the bankrupts when the register shall have certified conformity, and a decree will be entered that the bankrupts recover from the opposing creditor the cost of resisting the opposition to their discharge, to be taxed.